## PATTISON v. SYRACUSE NATIONAL BANK.

*Bailment — deposits for safe-keeping — Evidence — province of jury.*

In an action to recover the value of bonds stolen from defendant's bank where they had been deposited by plaintiff for safe-keeping, the evidence was conflicting upon the question whether the teller who received the deposit told plaintiff it must be at his own risk, and whether the deposit was made with the teller in his official capacity or personally. *Held,* that the question was for the jury.

It also appeared that nothing was said about compensation at the time of the deposit. *Held,* that if the defendant had the right to demand compensation by its course of dealing with depositors, the bailment was not a gratuitous one ; and as the degree of diligence the defendant was required to exercise in keeping the bonds depended on the question whether the bailment was or was not gratuitous, the case should be submitted to the jury.

MOTION for a new trial on exceptions ordered to be heard in the first instance at general term. The action was brought by Thomas E. Pattison against The Syracuse National Bank to recover the value of certain bonds deposited in defendant's bank, and from which they were taken or stolen. The plaintiff alleged that in July, 1872, he was the owner of certain negotiable railroad bonds of the value of $3,000; that in that month he deposited them with defendant at its banking house in Syracuse for safe-keeping, and that in February following he duly demanded said bonds, which demand was refused. Defendant's answer set forth that plaintiff deposited a sealed package, the contents of which was unknown, with one of its clerks, for the purpose of placing the same in defendant's vault for safe-keeping; that said clerk had no authority to receive the bonds in behalf of defendant, but that he did, without consideration, place the same in said vault without defendant's knowledge; and that said bonds were afterward stolen, together with a large amount of defendant's property, from said vault without defendant's negligence or fault. The opinion sufficiently states the other facts. The court below decided that the bailment was a gratuitous one and refused to allow the case to go to the jury on the question of negligence. The plaintiff was nonsuited. Plaintiff excepted.

*Geo. F. Comstock*, for plaintiff.

*Pratt, Mitchell & Brown*, for defendant.

MULLIN, P. J. The defendant's counsel insist that the defendant is not responsible for the loss of the securities left with it by the plaintiff, because: 1st. It had refused to receive packages for safe-keeping for some time before the package in question was left; 2d. The deposit was made with the teller and not with the bank; 3d. There was no compensation paid or agreed to be paid for keeping said package; and hence the bank, if liable at all, was only liable for gross neglect, and no such degree of negligence was proved.

The cashier testified that before the organization of the Safe Deposit Company, the bank took a good many packages for safe-keeping Up to four years prior to the trial there were more or less valuable packages left after the formation of the deposit company. He says: "I commenced to throw off that kind of business, I declined to receive packages after that." Yet he testifies that after

that several persons named by. him left packages for safe-keeping; so it is certain the business was not wholly discontinued.

If Mr. White and others deposited packages in the bank and no instructions were given to the subordinate officers to reject the packages of other parties, nor notice given that packages would no longer be received, the receipt of such officers would bind the bank. Under these circumstances, the receipt of the packages by the teller *prima facie* bound the bank.

The teller testified that he told the plaintiff that the deposit must be at his own risk. This, however, the plaintiff denied; it was for the jury to say which told the truth. If he so told plaintiff the bank would not be liable, nor would it be if the deposit was with the teller and not with the bank. It was for the jury to say whether the deposit was so made with the teller in his capacity as teller, or with him personally.

The bank had been, as already stated, in the practice of taking money packages for safe-keeping. It is not said that they were kept without charge, and unless they were so kept, the bank had the right to demand pay for the service; and if it could demand compensation the bailment was not a gratuitous one. As the degree of diligence the defendant was required to exercise in keeping the package depended on the question whether the bailment was or was not gratuitous, the case should have been submitted to the jury. The question was not one of law for the court.

A new trial must be granted, costs to abide event.

*New trial granted.*